IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM ALLEN WHITLOW,

    Plaintiff,
v.                                            CASE NO. 5:16-cv-347-MP-GRJ

LARRY SAMPLES, et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a Complaint, ECF No. 1, a motion for leave to proceed as a pauper, ECF No. 2, and a motion for appointment of counsel, ECF No. 3. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

The allegations of the Complaint are largely incoherent but stem from the conditions of confinement at Santa Rosa CI and other institutions where Plaintiff has been confined. ECF No. 1.

Plaintiff executed the complaint under penalty of perjury. ECF No. 1 at 28. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits,

including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." ECF No. 1 at 3-4 (emphasis added). The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF No. 1 at 3.

In response to these questions, Plaintiff identified a habeas corpus case filed in the Middle District of Florida and a previous Northern District civil case that Plaintiff states was dismissed as malicious for failing to disclose his prior case filing history. ECF No. 1 at 7-8. Plaintiff asks that he be relieved from disclosing his prior filing history because he can't remember his prior cases and is in a hurry. *Id*.

It appears that the prior Northern District case referenced in the Complaint is *Whitlow v. Rummel*, Case No. 3:16-cv-470-LC-EMT (N.D. Fla. 10/27/16). In that case, the Court noted that Plaintiff had filed at least

seven prior cases in the Middle District, most of which were habeas corpus cases. Plaintiff failed to identify those cases in the complaint. *Id*. ECF No. 5 (Report and Recommendation recounting cases). The Court also noted that Plaintiff had filed two recent cases in this Court that he failed to identify: *Whitlow v. Samples*, Case No. 5:16-cv-263-MP-GRJ and *Whitlow v. Coker*, Case No. 3:16-cv-471-RV-CJK. *Whitlow v. Rummel*, Case No. 3:16-cv-470-LC-EMT, ECF No. 5. Plaintiff included the signature page of an order to amend from Case No. 5:16-cv-263-MP-GRJ in the instant Complaint, but otherwise failed to identify his other Northern District civil cases or any of the other habeas corpus cases.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his

attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff's suggestion that he should be excused from disclosing prior cases is insufficient to preclude dismissal of this case. Plaintiff cannot plausibly claim that he cannot recall his prior cases because the Report and Recommendation in Case No. 3:16-cv-470-LC-EMT specifically set out the cases for Plaintiff in September 2016. Plaintiff's hurry to file a complaint in this case is not a basis for excusing his failure to disclose his prior cases, particularly when the allegations of the Complaint do not plausibly suggest that he is facing any imminent harm from the conditions of his confinement.  *See* ECF No. 1.

The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse

of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is **ORDERED** that:

1.  The motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED** for the limited purpose of dismissing this case.

2.  The motion for appointment of counsel, ECF No. 3, is **MOOT.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)

**IN CHAMBERS** this 28th day of December 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.